IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH C.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 3:24-cv-770-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Joseph C. seeks judicial review of the Social Security Commissioner ("Commissioner")'s final decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). 42 U.S.C. §§ 401–33. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). For the reasons set forth below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

**PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on May 28, 2021, alleging a disability onset date of May 15, 2019. Tr. 163-68. The Commissioner denied Plaintiff's claim initially and on

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

reconsideration. Tr. 84-88, 92-94. Plaintiff filed a written request for a hearing, and a hearing was held before Administrative Law Judge S. Pines in April, 2023. Tr. 35-53. The ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 12-34. The Appeals Council denied Plaintiff's request for review on March 5, 2024. Tr. 1-7. Thus, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and " 'may not affirm simply by isolating a specific quantum of supporting evidence.' " *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision*. Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 16, 2019, the alleged onset date. Tr. 17. At step two, the ALJ found Plaintiff had the following severe, medically determinable impairments: attention-deficit/hyperactivity disorder (ADHD), depression, anxiety, and neurodevelopmental disorder. Tr. 17. At step three, the ALJ found no impairment met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 18. The ALJ concluded Plaintiff had the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple and detailed work that can be learned in 30 days or less with no more than occasional changes in a routine work setting, can have occasional interaction with supervisors and coworkers, can have no interaction with the public, and should have no exposure to hazards.

Tr. 21.

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 28. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can

3 – OPINION AND ORDER

perform, such as marker, floor waxer, and industrial cleaner. Tr. 28-29. The ALJ therefore found Plaintiff not disabled. Tr. 29.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly discounting his symptom testimony, (2) rejecting competent lay testimony without stating a germane reason, and (3) failing to properly evaluate the medical opinion of Aaron Vederman, Ph.D.

**I.    S**ubjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms alleged, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of ... symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

In considering Plaintiff's testimony, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms and did not

identify evidence of malingering. Tr. 21. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. Specifically, the ALJ found Plaintiff's symptom allegations conflicted with objective medical evidence in the record, Plaintiff's improvement with treatment, and Plaintiff's daily activities. Tr. 21-22.

Plaintiff principally challenges the specificity of the ALJ's analysis, arguing that it was overly general and failed to "connect the dots" as required by Ninth Circuit precedent. Pl. Br. 4-8 (citing, *inter alia*, *Lambert v. Saul*, 980 F.3d 1266, 1277-1278 (9th Cir. 2020)). He argues the ALJ failed to provide the requisite "link" between which testimony was being discounted and why as to each of the ALJ's stated reasons: conflict with objective medical evidence, improvement with treatment, and conflict with activities of daily living. *Id.*

Plaintiff's arguments about specificity do not undermine the substantial evidence supporting the ALJ's decision. The Ninth Circuit does not require an ALJ to "perform a line-by-line exegesis of the claimant's testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citation omitted). And the Court "will not fault the agency merely for explaining its decision with 'less than ideal clarity.'" *Brown-Hunter*, 806 F.3d at 492 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). Instead, ALJs are simply required to be specific enough to "show [their] work," *Smartt* 53 F.4th 499, which the ALJ did here. Contrary to Plaintiff's assertions, the ALJ described several of Plaintiff's allegations in the written opinion. Tr. 21. For example, the ALJ noted that Plaintiff testified "he has difficulty with memory, completing tasks, concentration, understanding, and following instructions due to his impairments." Tr. 21. The ALJ also cited Plaintiff's testimony about struggles interacting and relating to others, managing his emotions and behavior, and graduating with a modified diploma

after being engaged with special education services when in school. Tr. 21. The ALJ then considered whether the record supported these allegations, and cited substantial evidence that it did not. *See* Tr. 21-25. Because the ALJ showed her work as required by the Ninth Circuit, by stating her reasoning and identifying evidence that supported that reasoning, the Court finds no error.[2]

    A.    *Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498 (emphasis in original); s*ee also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record). A claimant's failure to report symptoms to providers is another valid basis to find a claimant's symptom allegations unreliable. *Greger v. Barnhart*, 464 F.3d 968, 972-73 (9th Cir. 2006).

The ALJ reasonably discounted aspects of Plaintiff's allegations of mental health impairments as inconsistent with the record. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt*, 53 F.4th at 498; 20 C.F.R. §

---

[2] In his opening brief, plaintiff does not dispute that this evidence contradicted his testimony. *See* Pl. Br. 2-8. But, on reply, Plaintiff argues for the first time that the ALJ's stated justifications for discrediting his testimony "do[] not have the support of substantial evidence." Reply Br., ECF 22 at 2-3. Issues not raised in a plaintiff's opening brief are waived. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Nevertheless, the Court summarizes the ALJ's symptom testimony analysis to demonstrate the substantial evidence supporting the decision to discount Plaintiff's testimony.

7 – OPINION AND ORDER

416.929(c)(2). The ALJ acknowledged Plaintiff's testimony that he had trouble with memory, understanding, and relating to others, and noted medical records showing Plaintiff had "limited insight, understanding, and judgment." Tr. 22-23. The ALJ noted some support in the record for these allegations, like records showing Plaintiff's "lacking fund of knowledge" and that his "remote memory for personal information was impaired," as was his working memory. Tr. 22-23. The ALJ contrasted the severity of Plaintiff's allegations with other significant objective medical evidence showing that he had clear and linear thinking, intact concentration, was not irritable, confrontational, or defiant, had good frustration tolerance and persistence, and had at least high average recall abilities. Tr. 22-23. The ALJ also noted medical records showed that Plaintiff was able to interact without difficulty and was negative for decreased concentration. Tr. 23-24. The ALJ reasonably inferred from these more positive data points that Plaintiff's issues with memory, understanding, and relating to others was not as bad as his testimony reflected. *See* Tr 194-202. Instead, the ALJ provided commonsense limitations in the RFC to reflect Plaintiff's limitations: "simple and detailed work that could be learned in 30 days or less; no more than occasional changes in a routine work setting; occasional interaction with coworkers and supervisors; no interacting with the public; and no exposure to hazards." Tr. 21. It was reasonable for the ALJ to rely on these positive examples of mental functioning in the medical record to discount certain aspects of his symptom testimony that conflicted with the RFC, and substantial evidence supported the ALJ's decision to do so.

    B.    *Daily Activities*

    The ALJ also discounted Plaintiff's subjective symptom testimony because it was inconsistent with his daily activities. Tr. 21. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the

activities "meet the threshold for transferable work skills," or (2) where the activities "contradict [a claimant's] testimony." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). The relevant regulations require an ALJ to consider a claimant's daily activities when evaluating subjective symptom statements. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The Ninth Circuit has even found such routine activities as playing video games, using public transportation, and preparing meals to undercut a claimant's testimony of disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021).

The ALJ reasonably concluded that several of Plaintiff's daily activities conflicted with his testimony about the extent to which his mental health issues affect his ability to work. The ALJ juxtaposed Plaintiff's testimony about mental health limitations (Tr. 194-202) with evidence that he was able to do basic household chores, cook simple meals, do schoolwork, and attend a church youth group. Tr. 23-24. The ALJ further noted that Plaintiff managed personal hygiene, cared for his dog, mowed the lawn, spent time reading and playing video games, and attended family gatherings twice a month. Tr. 20. These activities all support the ALJ's conclusion that Plaintiff could manage work as restricted by the RFC, and conflict with Plaintiff's allegations that his mental health symptoms are totally disabling. Tr. 194-202. Plaintiff disagrees, arguing the ALJ failed to adequately "identify '*which* daily activities conflicted with *which* part of Claimant's testimony.'" Reply at 4 (citing *Burrell v. Colvin,* 775 F.3d 1133 1138 (9th Cir. 2014))(emphasis in original). But ultimately, Plaintiff is asking the Court to put a different weight on the evidence than the ALJ did, which is beyond the scope of review. *Ahearn*, 988 F.3d at 1115. This was another clear and convincing reason for the ALJ to rely upon to discount Plaintiff's testimony about the extent of his mental health symptoms.

    C.    *Improvement with Treatment*

9 – OPINION AND ORDER

An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that improvement is "an important indicator of the intensity and persistence of ... symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (noting "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability"). Symptom improvement, however, must be weighed within the context of an "overall diagnostic picture." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

The ALJ provided a further clear and convincing reason to discount Plaintiff's symptom testimony because his symptoms improved with treatment. In contrast to Plaintiff's testimony of significant mental health symptoms (Tr. 194-202), the ALJ noted that the record showed treatment often successfully relieved his symptoms. Tr. 24. For example, Plaintiff reported therapy helped reduce some of his symptoms and that medication also helped his ADHD and depression. Tr. 24. Moreover, the ALJ provided RFC limitations that accounted for Plaintiff's mental health symptoms as reflected in the record. Tr. 20. In all, the ALJ cited substantial evidence that treatment improved Plaintiff's symptoms, undermining his allegations that mental health symptoms were totally disabling.

## II.     Lay Witness Evidence

Plaintiff also argues the ALJ erred by rejecting lay witness testimony without stating a germane reason for doing so. Pl. Br. 8-9. Courts in this district still require ALJs to state germane reasons for discounting lay witness testimony under the 2017 regulations. *See, e.g., Karen W., v. Commissioner.,* 2025 WL 654113, at *8 (D. Or. Feb. 28, 2025) (citing 82 Fed. Reg. 5844 (Jan.

18, 2017)).³ The ALJ acknowledged "considering" the lay witness testimony, but did not provide any reason for rejecting it, germane or otherwise. Tr. 27. The ALJ failed to analyze the lay witness testimony, but any error in failing to do so was harmless. Plaintiff's mother alleged similar limitations regarding Plaintiff's mental health symptoms. *Compare* Tr. 194-202 (Plaintiff's testimony) with Tr. 206-229 (Plaintiff's mother's testimony). As discussed above, the ALJ provided legally sufficient reasons for concluding that Plaintiff's testimony was unpersuasive. These reasons apply with equal force to the lay witness testimony. Any error in rejecting the lay witness testimony was therefore harmless. *Molina*, 674 F.3d at 1117, 1122.

## III. Medical Opinion Evidence

When evaluating medical opinion evidence for claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 404.1520c for Title II claims and 20 C.F.R. § 416.920c for Title XVI claims. Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an

---

³ The Court notes that this issue is currently under consideration in the Ninth Circuit. *See Hudnall v. Dudek*, 130 F.4th 668, 671 (9th Cir. March 7, 2025), vacated and withdrawn, 2025 WL 1024393, at *1 (9th Cir. Apr. 7, 2025). Unless and until the Ninth Circuit provides contrary, binding guidance on the interpretation of the 2017 regulations, the Court will continue to require ALJs to state a germane reason for disregarding lay witness testimony. *Valentine*, 574 F.3d at 694.

11 – OPINION AND ORDER

understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5), 416.920c(a), (c)(1)-(5).

The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R § 404.1520c(c)(2)).

An ALJ must articulate how persuasive the ALJ finds the medical opinions and explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *see Tyrone W. v. Saul*, No. 3:19-CV-01719-IM, 2020 WL 6363839, at *7 (D. Or. Oct. 28, 2020). "The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements." *Linda F. v. Comm'r Soc. Sec. Admin.*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). However, ALJs are required to explain "how they considered other secondary medical factors [if] they find that two or more medical opinions about the same issue are equally supported and consistent with the record but not identical." *Tyrone W.*, 2020 WL 6363839, at *6 (citing 20 C.F.R. §§ 404.1520c(b)(2) and 404.1520c(b)(3)).

Furthermore, the court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See Revisions to Rules*, 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision."); *see also* 42 U.S.C. § 405(g).

Plaintiff argues the ALJ erred by failing to adequately consider the supportability and consistency of Dr. Aaron Vederman's opinions by "offer[ing] conclusions without support that [they] were not consistent with and not supported by the record." Pl. Br. 9. Aaron Vederman, Ph.D., opined that Plaintiff had "vocational barriers" in the areas of mobility to and from the workplace, self-direction, self-care, acquiring new work skills, interpersonal skills, communication, and work tolerance. Tr. 228. Dr. Vederman also opined that Plaintiff needed frequent or ongoing supervision due to his difficulty concentrating at work, assistance on the job for personal needs and avoiding injury from hazards, intensive and/or specialized instructions for learning new tasks, help managing his funds, and that Plaintiff will have "serious" problems interpreting and responding appropriately to others. Tr. 228.

The ALJ considered both the supportability and consistency of Dr. Vederman's opinion and supported the decision to find his opinion unpersuasive with substantial evidence. ALJs must evaluate both the relevant objective medical evidence supporting medical opinions, and their consistency with evidence from other relevant sources. 20 C.F.R. §§ 404.1520c(c)(1-2); *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Regarding supportability, the ALJ rejected the Dr. Vederman's opinions about "vocational barriers" because it was poorly articulated and unsupported by significant evidence. Tr. 26. The ALJ reasoned that Dr. Vederman's opinion lacked support in the record because he did not articulate what "deficits" or "barriers" meant in

vocational terms,[4] or link his opinion about these "deficits" or "barriers" to objective medical evidence the ALJ could review. Tr. 26 (citing Tr. 228). On the contrary, Dr. Vederman administered testing, reviewed the reports of previous examiners, and authored a highly detailed report. Tr. 213-228. Furthermore, his opinion went into detail about what Plaintiff's "deficits" or "barriers" would mean in vocational terms. *See* Tr. 228 (explaining, for example, how Plaintiff's issues with self-direction would affect his ability to work). The ALJ's supportability analysis did not address the data that Dr. Vederman cited, and was insufficient as a result. 20 C.F.R. §§ 404.1520c(c)(1). This error was harmless, however, because (as described below) the ALJ reasonably determined Dr. Vederman's opinion was unpersuasive because it was inconsistent with the medical record and other persuasive medical opinions. *Woods*, 32 F.4th at 792–793 (noting medical opinion is unpersuasive if it is either unsupported by, or inconsistent with, the record).

With respect to the consistency factor, the ALJ noted that Dr. Vederman's opinion was inconsistent with assessments of state agency psychological consultants who identified specific functional limitations that the ALJ incorporated into the residual functional capacity finding. Tr. 26, 59-60, 67-68. The ALJ also explained that Dr. Vederman's opinion was inconsistent with records from LifeWorks, NW, and Legacy Health, as well as examination notes from Todd Bowerly, Ph.D. Tr. 26. Earlier in the decision, the ALJ addressed these records, which showed that treatment helped Plaintiff's symptoms, his conditions were stable on medication, Plaintiff

---

[4] Plaintiff also argues that because the ALJ wrote that Dr. Vederman was broadly correct that Plaintiff had unspecified mental functional limitations, that meant the ALJ was required to find Dr. Vederman's opinions persuasive. Pl. Br. 12-13. Not so. The ALJ's statement that Dr. Vederman "correctly identifie[d] that the claimant ha[d] some ongoing 'vocational barriers' as well as some level of significant deficits" in other areas simply acknowledges that Plaintiff has some limitations (which are reflected in the RFC), not that the ALJ adopted Dr. Vederman's opinion that Plaintiff is unable to work.

14 – OPINION AND ORDER

reported he was doing "ok," and examinations documented no agitation, nervousness/anxiety, decreased concentration, or suicidal ideation. Tr. 23-24. In his reply brief, Plaintiff offers his own detailed explanation of why Dr. Vederman's opinion is, in fact, consistent with the record. Reply 13-19. Even when there are two reasonable interpretations of the evidence, however, the ALJ's interpretation must prevail. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). Against that backdrop, Plaintiff has not established error by simply advancing a different interpretation of the medical evidence. Because the ALJ reasonably considered the consistency of Dr. Vederman's opinions, and supported her conclusions with substantial evidence, the ALJ did not err in finding them unpersuasive.

Plaintiff also argues the ALJ erred because her analysis of Dr. Vederman's opinion in the RFC is contradicted by her discussion of the evidence at step three. Pl. Br. 9-12. The ALJ's step three analysis does not reflect her analysis of the persuasiveness of Dr. Vederman's opinion, however. At step three, the ALJ rates the claimant's degree of limitation in four broad functional areas. 20 C.F.R. § 416.920a(c). Those ratings are then used to determine whether a mental impairment is "severe" or whether that impairment meets or equals the severity of a listing. *Id.* § 416.920a(d). Those ratings are not an RFC, and the ALJ did not err on grounds that the reflection of Dr. Vederman's opinions in the RFC differ from how the ALJ considered that evidence at step three.

Finally, Plaintiff suggests the ALJ failed to adequately develop the record when acknowledging the vagueness of the unspecified "barriers" and "deficits" in Dr. Vederman's opinion. Pl. Br. 13 (citing Tr. 26). Although an ALJ "has an independent duty to fully and fairly develop the record," *Smolen*, 80 F.3d at 1288, this duty is only triggered by ambiguous evidence

or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Here, there was no ambiguous evidence in the record that triggered the ALJ's duty to further develop it. The ALJ did not find that the evidence was inadequate, nor was such a conclusion implied by the evidence that the ALJ relied on. Rather, the ALJ found that Dr. Vederman failed to articulate what he meant by "deficits" and "barriers"—meaning the opinion lacked a supporting explanation. Tr. 26. Moreover, an inadequately explained medical opinion does not trigger an obligation to further develop the record; it just means the opinion is less persuasive. *See* 20 C.F.R. § 416.920c(c)(1). Accordingly, the ALJ did not err by failing further to develop the record either.

## CONCLUSION

For the reasons given above, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED June 20, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

16 – OPINION AND ORDER